## CYPRIAN JONES

### *v.*

## GEORGE W. BLISS.

45　143
45a　479

· 1. PARTNERSHIP — *sale by a partner to his copartner — when passes debt due the firm from the selling party.* Where one partner sold his entire interest in the business to his copartner, the purchaser to take all of the assets, including all book accounts and choses in action, and to pay the firm debts, and among such accounts was one against the selling partner, and which was not excepted from the sale, — *held,* that this account must be regarded as a debt due the firm, which a court of equity will enforce, notwithstanding an action at law would not lie to recover it.

2. SAME. Equity will recognize and protect debts due from the firm to an individual member, or from a member to the firm.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a bill in chancery filed by the appellant in the court below, against the appellee, formerly his copartner, to compel

the payment of a certain book account against him, which it was alleged was due and owing to the firm, composed of these parties, at the time of the dissolution of the same, and the sale of all the partnership property to appellant by appellee, and which account passed to appellant by said sale, with the balance of the assets belonging to the firm. A demurrer was interposed to the bill, which the court sustained, and, the complainant having elected to stand by his bill, the same was thereupon dismissed, and the case is now brought to this court by appeal, appellant assigning for error the sustaining of the demurrer to said bill of complaint.

Messrs. FARWELL & HERON, for the appellant.

Messrs. ECKELS & KYLE, for the appellee.

Mr. Justice LAWRENCE delivered the opinion of the Court:

Jones and Bliss being partners in the business of butchers, the former, after ten months of copartnership, bought the entire interest of the latter in the business and firm property. Jones was to pay Bliss a certain sum of money in installments, and also to pay all the debts of the concern and have all the assets, among which book accounts and choses in action were especially enumerated. Among the book accounts at the date of the sale was one for $141.62 against Bliss, and the object of the bill in this case was to set off this account on the debt due from Jones to Bliss. It is insisted that this can not be regarded as a debt due the firm, as no action at law could have been maintained to recover it, and, if viewed as a debt, Bliss would be both the debtor and the creditor. But the question before us is, what was the intention of these parties as indicated by their written words? Jones was to have all the book accounts, and among them was one against Bliss, which was not excepted from the general transfer. It does not matter that it was not collectable at law. It was nevertheless a book account, the payment of which was equitably due from Bliss to the firm, and the payment of which equity would have secured on a

settlement of the partnership affairs.  A partnership creates an artificial entity, distinct from the constituent members of the firm, and in a court of chancery debts due from the firm to an individual member, or from a member to the firm, are constantly recognized and protected.  We see no reason for holding the account against Bliss is to be excepted, by implication, from the language of the assignment, by which, in terms, it was certainly covered.  The demurrer to the bill should have been overruled.

*Judgment reversed.*

WALKER, J., dissenting.