# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

SOUTHERN GRAND· DIVISION.

JUNE TERM, 1872.

FRANCIS M. NORMAN

*v.*

JOHN HUDLESTON.

| 64 | 11 |
| 45a | 479 |
| 64 | 11 |
| 70a | 605 |
| 64 | 11 |
| 182 | 151 |
| 64 | 11 |
| e199 | ³251 |

1. ACCOUNT—*partnership—presumption of settlement from sale of one partner to the other.* Where it appeared that A & B had been carrying on a partnership business, and that A, after having disposed of his interest, purchased the interest of B, for which he agreed to pay a certain sum: *Held*, in the absence of proof to the contrary, that it would be presumed that all their former accounts were settled, or at least merged in the new agreement.

2. SAME—*burden of proof.* Where a new partnership was formed be. tween A and B, on bill for an account by A against B, it was alleged that B had agreed with A that the new firm was to make payment to the creditors of the prior firm of which A was a member. The testimony of A and B was contradictory as to this agreement, and there was no corroborating proof of either: *Held*, that the burden of proof was on A to establish this fact.

3. ANSWER IN CHANCERY—*defendant not entitled to affirmative relief on.* On bill for a partnership account, and to enjoin a suit at law brought to recover the price agreed to be paid by complainant for the sale of his partner's interest in the business, the defendant answered, but filed no cross-bill seeking affirmative relief, and the court enjoined the suit at law, and rendered a decree in favor of defendant in the chancery suit for a part of the price agreed to be paid for his interest: *Held*, that the relief could not be granted the defendant, for want of a cross-bill.

APPEAL from the Circuit Court of Williamson county; the Hon. A. D. DUFF, Judge, presiding.

Mr. J. B. JENNINGS, for the appellant.

Mr. EDWARD V. PIERCE, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Hudleston commenced an action of assumpsit against Norman, whereupon Norman filed this bill against Hudleston to enjoin the action and to procure a decree against Hudleston for the payment of money.

It appears that Norman and one McHenry were partners in trade in 1868, Norman having two-thirds of the business. Norman sold to Hudleston one-half of his interest, and soon afterwards bought the interest of McHenry, and sold to Hudleston one-half of that. After a few months, Norman sold his interest to J. J. and W. R. Mofield, and some months after that occurrence, Norman bought from Hudleston his interest in the business. The bill of Norman admits he agreed to pay Hudleston for his interest $2,098.25, and claims he did

pay him $542.55 directly, and that by agreement with Hudleston, he paid $1165.70 to the creditors of the old firm of Norman & Hudleston. The bill claims, however, that Hudleston is indebted to Norman in a considerable sum on the old accounts. The court below enjoined the further prosecution of the suit at law, but rendered a decree in favor of Hudleston for $1300.

It is very difficult to reach any conclusion at all, from this record, as to the merits of this controversy, and altogether impossible to reach one upon which we could rely with confidence. There was no reference to a master to state the account, and, independently of the parties, the witnesses who were called could swear only to some isolated facts shedding no light on the state of the accounts. The parties themselves flatly contradict each other, and there would be but little basis for any decree, except one dismissing the parties out of court, were it not for the inference that may be drawn from the admitted agreement by Norman to pay Hudleston $2098.25 when he bought the interest of the latter in the business. The inference from that is, that all their former accounts were considered as settled, or at least merged in the new bargain. The claim by Norman of an agreement by which payment was to be made to the creditors of the old firm, it belongs to him to prove, and he proves it only by his own oath, while Hudleston denies it. We might, on the strength of this sale, and the inferences to be drawn from it, affirm the decree, if there had been a cross-bill; but there was none, and without one the defendant was not entitled to affirmative relief.

The decree will be reversed and the cause remanded, with leave to defendant to file a cross-bill, and to both parties to introduce additional proof.

*Decree reversed.*