## Stephen A. Clark
## v.
## Ezra R. Carr, Administrator.

*Partnership—Dissolution of—Transfer of One Partner's Interest to
the Other—Notes of Outgoing Partner Held by Firm as Collateral,
Whether Pass to Purchasing Partner—Presumption of Law—Evidence
—Proof of Signature—Jurisdiction of County Court.*

1.   Evidence erroneously admitted should not be left in a case and
the jury instructed to render a judgment against it, nor should the court
act upon a conclusion that a ruling was erroneous, without setting aside
the ruling in some way so as to give the aggrieved party the opportunity
of preserving his rights by exception.

2.   Where a court has no jurisdiction, the proper course is to dismiss
the proceeding.   To direct a verdict for the defense is to exercise juris-
diction, not to disclaim it.

3.   The sale and assignment by one partner to the other of all his
interest in the firm, operates at once as a dissolution of the partnership
and leaves no unadjusted account between them.   Henceforth their
rights are governed by the contract of transfer, and no partnership
matters are in issue requiring the exercise of equity jurisdiction.

4.   In the allowance of claims against an estate, the County Court ex-
ercises equity jurisdiction and is not limited to the technical rights of
the parties, but may look to the substantial rights thereof.

5.   The presumption that obtains in the case of a sale by one partner
to another of his interest in the firm, that a debt due by the outgoing
partner to the firm has been adjusted in the contract of sale, is not con-
clusive, but is subject to rebuttal by evidence.

6.   Where the debt due the firm consisted of notes given by the out-
going partner as collateral security for a loan made by the firm to a
third party, there is no presumption that such notes were presumed to
be settled by the contract of transfer.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Jo Daviess County;
the Hon. James Shaw, Judge, presiding.

Messrs. R. H. McClellan and William Barge, for appel-
lant.

"Where one partner dies, or sells his interest in the partnership to another, either of these events will in law operate as a dissolution of the firm." McCall v. Moss, 112 Ill. 493.

Everything was settled between them. "Where one partner sells out his interest to another, the presumption is that the price paid is based upon a settlement of accounts." Parsons on Partnership, 3d Ed., *511, note f.

"The parties themselves flatly contradict each other, and there would be but little basis for any decree, except one dismissing the parties out of court, were it not for the inference that may be drawn from the admitted agreement by Norman to pay Huddleston $2,098.25 when he bought the interest of the latter in the business. The inference from that is, that all their former accounts were considered as settled." Norman v. Huddleston, 64 Ill. 11.

No accounting between them was necessary. Everything was arranged by the sale and assignment and there was, therefore, nothing to account. Both knew, the condition of the business, the value of the property, and made the arrangement upon their own estimate by which Clark received and assumed all in consideration of the $18,000 he paid Richardson.

"But it is always possible for partners, or their representatives, to agree together upon some arrangements which render an account unnecessary. Nor is this very unfrequent in fact. The parties interested value the property, good will, etc., and found their arrangements upon this estimate, one paying to the other a sum of money, without any account being taken." Parsons on Partnership, 3d Ed., *511; Lindley on Partnership, 516.

After the dissolution they were not partners, because there was then no partnership. A suit by one against the other of these late partners is not a suit of one partner against another, but of one individual against another individual, or his estate, on a mere money claim, in which no party but those before the court has any interest.

"For, in the first place, as to a settled balance, they are

no longer partners.   If the settlement has closed their concerns, or has followed the dissolution of the partnership, they are no longer partners at all." Parsons on Partnership, 3d Ed., *279.

A court of law has jurisdiction in such cases. "We apprehend the true rule to be, that courts of law should sustain any action between the partners of the character above described." Parsons on Partnership, 3d Ed., *279.

And the assignment gave appellant the right to file his claim in the County Court, and to prosecute it in that jurisdiction.   Dixon, assignee, v. Buell, 21 Ill. 203.

And if treated as a suit or proceeding in equity, then the court had jurisdiction over it.

County courts have equitable jurisdiction in the allowance of claims against estates, and on appeal Circuit Courts are vested with the same authority.

"The County Court has equitable jurisdiction in the allowance of claims against the estates of deceased persons for money due, and may adopt equitable proceedings." Dixon v. Buell, Adm'r, 21 Ill. 203.

Messrs. D. & T. J. & J. M. SHEEAN, for appellee.

"A sale by a partner to his co-partner, of all his interest in the property, effects, claims, assets and debts of a firm, does not pass to the purchaser an account standing upon the books of the firm against the partner making the sale." Coffing v. Taylor, 16 Ill. 457.   The foregoing decision is reconsidered and reaffirmed in Taylor v. Coffing, 18 Ill. 426.

"The true and actual interest of each partner in the partnership stock, is the balance found due to him after the payment of all the partnership debts and the adjustment of the partnership account between himself and his co-partners."   Bopp v. Fox, 63 Ill. 543-4.   This last decision is quoted from, approved and followed in Trowbridge v. Cross, 117 Ill. 113; see also Alkire v. Kahle, 123 Ill. 505.

"The inference drawn from an agreement of one partner to pay the other $2,098.25 when he bought the interest of the latter in the business is, that all their former accounts

were considered as settled or at least merged in the new bargain." Norman v. Huddleston, 64 Ill. 11.

"What Rosenstiel sold to Thompson and Blanchard was one-third interest in the partnership property. This interest was something, only, which would be remaining after the payment of the firm's liability for these advances and other partnership debts, the rule being that the purchaser of an interest of one of the co-partners in partnership property acquires only such interest as the vendor had, and that is his share of the residue after the affairs of the partnership are wound up and the debts paid, including the balance due one partner from the other on partnership account." Rosenstiel v. Gray, 112 Ill. 288.

"It may be taken as settled that where one partner transfers his interest in the assets, including the books and accounts of the partnership, to a continuing member of the firm or to another, and receives in payment for such interest the note of the purchaser, the maker of the note can not set off an account apparently due the firm from the member whose interest was transferred. A sale by a partner of his interest in the assets of a firm does not, in the absence of a special agreement to that effect, imply that the purchaser becomes entitled to collect from the seller what may appear to be due from him on the firm books. Over v. Hethrington, 66 Ind. 365; Hesselman v. Douglass, 52 Ind. 252. The effect of such a sale is to transfer to the purchaser whatever interest the seller has in the assets of the partnership after the payment of all the partnership liabilities. In the absence of anything to show the contrary, it will be presumed that the account of the retiring member was adjusted in ascertaining the value of his interest, and that the value was increased or diminished in proportion as he was found the debtor or the creditor of the firm." Thompson v. Lowe, 12 N. E. Rep. 477 (Ind. 1887); same case in 111 Ind. 272.

"Where the purchaser agrees to pay the partnership liabilities, and also to pay the retiring partner a specified sum for his interest, the presumption will be, until the contrary appears, that the debts were ascertained, and that the sum

Clark v. Carr.

agreed to be paid was the value of the retiring partner's interest, and that this included the adjustment of his own account with the firm, whether by such account he appeared the debtor or creditor." Roberts v. Ripley, 14 Conn. 543; Thompson v. Lowe, 12 N. E. Rep. 478 (Ind. 1887).

" The plaintiff by written bill of sale sold and transferred to the defendant all his interest in the property and debts due and belonging to the company and received in payment the note now in suit. The sale, under the circumstances, was a dissolution of the partnership. It was also, in effect, an adjustment by the partners, as between themselves, of all its concerns. The purchaser became sole owner of the whole. The interest of the partner is his share of final adjustment. Whatever is charged to him is first to be deducted and to this extent his share will be diminished. His interest is only the balance after such deduction. The balance, therefore, is what was conveyed by the bill of sale. That was his share of assets after deducting the amount charged to him. That charge was extinguished by the transaction and could not be set off against the note." Lesure v. Norris, 11 Cush. 329.

" Where one partner, having a large pecuniary interest in the firm, but being individually a debtor thereto for a certain amount, as appeared by certain entries on their books, sold and conveyed to the other partner 'all his right, title and interest in and to all the property and estate, real, personal and mixed, belonging to, or which of right ought to belong to said firm,' it was held that such conveyance transferred to the other partner only his interest in the concern which remained after deducting such indebtedness; and that the amount so charged to him individually could not thereafter be collected of him." Beckley v. Munson, 22 Conn. 299.

" A sale by one partner to another of his entire interest, including all the assets, accounts, credits, etc., being merely a sale of the balance after all debts are paid, extinguishes all accounts standing upon the books against the seller, as well as all claims in his favor against the firm;" citing, in

note 7, Beckley v. Munson, 22 Conn. 299; Brewster v. Mott, 5 Ill. 378; Coffing v. Taylor, 16 Ill. 457; Norman v. Huddleston, 64 Ill. 11; Thompson v. Lowe, 111 Ind. 272; Headly v. Shelton, 51 Ind. 388; Hasselman v. Douglass, 52 Ind. 252; Over v. Hetherington, 66 Ind. 365; Carl v. Knott, 16 Iowa, 379; Murdock v. Melhop, 26 Iowa, 213; Wilson v. Soper, 13 B. Monroe (Ky.), 411; Conwell v. Sandidge, 5 Dana (Ky.), 210; Conwell v. Sandidge, 8 Dana (Ky.), 273; Wiggin v. Goodwin, 63 Me. 389; Farnsworth v. Whitney, 74 Me. 370; Trump v. Baltzell, 3 Md. 295; Lesure v. Norris, 11 Cush. (Mass.) 328; Stoddard v. Wood, 9 Gray (Mass.), 90; Farnsworth v. Boardman, 131 Mass. 115; Gardiner v. Fargo, 58 Mich. 72; Pierce v. Ten Eyck, 9 Mont. 349; Sweet v. McConnell, 2 Neb. 1; Van Scoter v. Lefferts, 11 Barb. (N. Y.) 140; Baldwin v. Ball, 48 N. Y. 673; Albright v. Voorhies, 36 Hun (N. Y.), 437; Patterson v. Martin, 6 Ired. (N. Car.) 111; Klase v. Bright, 71 Pa. St. 186; Laucks v. Martin (Pa. 1887), 9 Atl. Rep. 279; Woodward v. Winfrey, 1 Cold. (Tenn.) 478; Finly v. Fay, 96 N. Y. 663; Moore v. Steele, 67 Tex. 435; Wright v. Troop, 70 Me. 346." Thus showing that the point is abundantly sustained by authority.    17 Encyc. of Law, Partnership, 1109, cl. 3 a. (Ed. 1892).

MR. JUSTICE CARTWRIGHT.    Stephen A. Clark filed in the County Court of Jo Daviess County, a claim against the estate of Norman B. Richardson deceased, founded upon two promissory notes purporting to have been made by W. L. Gale and N. B. Richardson, and payable to Clark & Richardson.    Upon a hearing in the County Court the claim was disallowed, and judgment was rendered against the claimant for costs, and he appealed to the Circuit Court.    A jury was impaneled in the Circuit Court for the trial of the issue, and the evidence in support of the claim was introduced.    It consisted of the notes and an assignment, and the testimony of Charles E. Clark, bookkeeper for Clark & Richardson. One note was dated September 12, 1885, for $2,000, due ninety days after date, with interest at eight per cent from date, and indorsed with credits of $100, paid April 30, 1887,

and of interest paid to October 26, 1887. The other note was dated November 14, 1885, for $2,000, due ninety days after date, with interest at eight per cent from date if not paid at maturity, and bore an indorsement of payment of interest to September 23, 1887. The assignment was proven to have been executed by Norman B. Richardson and Stephen A. Clark. It bore date December 31, 1888, and Norman B. Richardson thereby assigned to Stephen A. Clark, in consideration of $18,000 paid by Clark to him, all interest in any and all assets of the firm of Clark & Richardson, bankers, as shown by the general ledger balance sheet of date December 28, 1888, copied into the assignment, in which was included an item of "bills receivable, $95,100.46," and which statement or balance sheet and said assignment was declared to include, among other things, the bills and accounts receivable of said firm as well as all other items of said statement, and also any and all judgments, liens or old debts of said firm against any and all parties whomsoever. In the same instrument Clark assumed and agreed to pay all deposits and liabilities of the firm as shown by said statement, no other indebtedness being known to exist against the firm except the taxes of 1888, which were also to be paid by Clark. The testimony of Charles E. Clark was that the firm of Clark & Richardson consisted of Stephen A. Clark and Norman B. Richardson; that it was dissolved by this sale and assignment December 31, 1888; that the notes in question were assets of the firm, and among the items making up the $95,100.46 in the bill of sale or assignment marked bills receivable, as collateral security for a debt of W. L. Gale; that they were delivered with the other assets of the firm to Stephen A. Clark as his property, and that the consideration named in the bill of sale was fully paid by Clark. The defendant offered no evidence, but at the close of plaintiff's evidence moved the court to direct the jury to find a verdict for the defendant. This motion was sustained by the court, and the jury were directed to return a verdict for defendant, which they accordingly did, and the court, after overruling a motion for a new trial, rendered judgment against the plaintiff for costs.

It is contended on the part of appellant that the evidence introduced as above stated and before the jury, entitled him to a verdict and judgment for the amount due on the notes, and that the action of the court in directing a verdict for defendant, overruling the motion for a new trial and entering judgment on the verdict, was wrongful and without authority. On the other hand, such action is sought to be sustained on the following grounds:

First. That the signature of Norman B. Richardson to the note had not been proven.

Second. That the County Court, and the Circuit Court on appeal, had no jurisdiction and no power to act judicially on the claim.

Third. That it was to be presumed that the indebtedness of Richardson to the firm was settled in the sale and transfer of his interest to Clark, and therefore the notes had been paid in that way.

When the notes were offered in evidence they were objected to on the ground that they were not proven as required by law, but the objection was overruled and defendant excepted, and the notes were admitted and read in evidence. It is now urged that the court was wrong in admitting them, and that they were not evidence, because of a neglect to prove the signature of Norman B. Richardson, in accordance with Rev. Stat., Chap. 3, Sec. 65, relating to administration of estates, requiring proof of handwriting, and therefore the court was right in directing a verdict for defendant.

After the notes were admitted and read in evidence, there was no motion made to strike them out, nor were they stricken out or withdrawn from the jury. The motion to direct a verdict for defendant was general, and did not assign any reason or raise any question about the proof of the notes for the action of the court. It called upon the court to direct a verdict for defendant, upon the testimony and evidence on the part of the plaintiff before the jury. The notes were before the jury as evidence, and it was upon the evidence before them, which was equally before

Clark v. Carr.

the court, in passing on the evidence, that a verdict for the defendant was ordered. If the court became satisfied that an erroneous ruling had been made in the admission of the notes, the only course open for the correction of the error was to strike out or withdraw the evidence. If that had been done, the objection was of a nature to be supplied by proof, and plaintiff might have chosen to supply the proof, and thereby obviate the objection, or he might have preserved his rights by an exception. The only ruling in the record concerning the notes, is the overruling of defendant's objection, to which he excepted, and there is nothing in the record to indicate that the opinion of the court in that regard was subsequently changed. The evidence should not be left in the case and the jury be directed to render a verdict against it, nor should the court act upon a conclusion that a ruling was erroneous, without setting aside the ruling in some way, so as to give an opportunity to preserve rights. Fort Dearborn Lodge v. Klein, 115 Ill 177.

The claim that the County Court had no jurisdiction of the subject-matter of the litigation is placed on the ground that the liability arose out of a partnership, and that the litigation involved an adjustment of account between partners. If this were true it would not justify the court in directing a verdict for the defendant and entering a judgment, but the proceeding should have been dismissed. To direct a verdict for defendant was not a disclaimer of jurisdiction, but an exercise of it. The question of jurisdiction of the court was not among the issues to be found by the jury under the direction of the court. The issues submitted to them were on the merits of the case, and a direction to find those issues for defendant was an exercise of jurisdiction over the subject-matter of the claim. But nothing had appeared to show that the court did not have jurisdiction. There had been no evidence of any unsettled partnership account to be adjusted between the former partners. The only matter calling for judicial action was the question of liability on this claim. All that was to be settled was whether the estate of Norman B. Richardson was liable for

the payment of the notes. Clark and Richardson had a right to agree upon the value of Richardson's interest, and when they agreed and Clark bought and paid for that interest, an account between them as partners for the same purpose and to the same end as their agreement was rendered unnecessary. The sale and assignment by Richardson of all his interest in the firm to Clark, operated at once as a withdrawal by Richardson and a dissolution of the firm on December 31, 1888, and left no unadjusted account between the parties as partners, but their rights were afterward governed by the terms of their agreement, which adjusted their interest and left nothing concerning which the court was called upon to take an account. Edens v. Williams, 36 Ill. 252; McCall v. Moss, 112 Ill. 493; Parsons on Partnership, 400, 511. Nor was the County Court deprived of jurisdiction by the question whether the assignment by Richardson was sufficient in law or only in equity. By the assignment Clark became the beneficial owner of the assets of the firm, and if the notes were embraced within the terms of the assignment, he might present the claim and have it adjudicated in the County Court. In the allowance of claims against estates, the County Court exercises equitable jurisdiction, and is not limited to the technical legal rights of parties; it may disregard mere arbitrary forms of procedure and look to the substantial rights of the parties; Clark could proceed in the County Court in his own name. Dixon v. Buell, 21 Ill. 203; Hurd v. Slaten, 43 Ill. 348.

It is next claimed that the direction of the court to find for the defendant was correct, because there was a presumption of law that the indebtedness of Richardson represented by these notes to the firm was taken into account in the sale to Clark as an item in Richardson's account as a partner and charged to him and thereby paid. In other words, that the law presumed that the $18,000 paid to Richardson was the estimated value of his interest in the firm after deducting the amount of the notes as a charge against him in favor of the firm on the partnership account. Wherever a presumption of the nature stated arises, it relates to matters of

account either debit or credit, and whether represented by instrument in writing or otherwise, which exist at the time of the sale between the partners and the firm in their relations as members of the firm. A debt due from Richardson alone to the firm would be regarded merely as an item in the account between the partners, because it would not be known until a settlement whether he would owe the firm anything or not. As to a debt which would be so regarded, a presumption might arise that, being merely an item in the partnership account, it was settled by a sale which settled such account; but even then the presumption would not be conclusive in its nature, and the parties might show that such was not the fact. In the cases on that subject, it is usually stated that the presumption is that the account of the retiring partner was adjusted in ascertaining the value of his interest, in the absence of anything to show the contrary, or that such will be the presumption until the contrary appears. In Norman v. Huddleston, 64 Ill. 11, the court, being unable to reach any conclusion as to the merits, expressed the opinion that in such case resort might be had to the inferences drawn from the sale. The inference to be drawn was there stated to be that all former accounts were to be considered as settled, or at least as merged in the new bargain. In Jones v. Bliss, 45 Ill. 143, there had been an assignment by one partner to the other of all the assets of the firm, among which book accounts and choses in action were especially enumerated, and the court held that a book account against the retiring partner was not to be excepted by implication from the language of the assignment by which in terms it was covered. In that case the presumption was considered to be overcome by the language used in the assignment. In this case the assignment conveyed to Clark all the interest of Richardson in the assets of the firm, as shown by the general ledger balance sheet, especially enumerating bills receivable amounting to $95,100.46, and again expressly including the bills and accounts receivable of the firm as well as all other items of the statement.

The evidence was that these notes were assets of the firm within the terms of the assignment; that they were collateral

security for notes of W. L. Gale of like amount embraced in the list of bills receivable which went to make up the amount of assets of that kind especially enumerated in the assignment, and that they were turned over with the other assets to Clark. There was nothing in the evidence to exempt the notes from the operation of the assignment, and in view of the evidence the court would not be justified in directing a verdict for defendant on the strength of any legal presumption. But we think that there is no presumption of law that the liability of Richardson on these notes was extinguished by his sale to Clark. It is not upon any theory of release of liability of a retiring partner or release of right of action against him, that debts due from him to the firm may be presumed to be settled, and it is not so claimed. No presumption of that kind could arise from the mere fact of a sale, but the presumption that arises in the absence of anything to show the contrary, is that in the valuation upon which the sale is based the debt of the selling partner is taken into account and charged to him, and the value of his interest is thereby reduced to that extent, so that the debt is actually paid in that way. Being merely an item in the account which he may or may not owe, depending upon the state of the whole account, there is a presumption when there is a settlement, that the debt was charged to the debtor partner as an item in the accounting. In this case the estimate made and agreed upon by the partners of the value of Richardson's interest, merely obviated the taking of an account, and if the liability of Richardson was extinguished it was because of a presumption that the notes were actually paid to the firm in the manner indicated. These notes were the notes of both Gale and Richardson, and they were collateral to individual notes of Gale and not mere items in Richardson's account as a partner. The liability of Gale was not dependent in any degree upon a settlement of partnership accounts. Gale was the principal debtor and his liability was absolute. It was definitely known just how much he owed the firm before any account should be taken, and it is clear, we think, that his debt was not paid, and that it was not so understood or intended. It seems to be

admitted that the individual notes of Gale to which these notes are collateral, belong to Clark, and that these notes also belong to him so far as Gale's liability is concerned, and that if Gale should pay the amount of the debt Clark would be entitled to the money, or that he might collect it from Gale if he could; and this is doubtless all true, for it is plainly shown that the debt to the firm was transferred to Clark; but if the presumption insisted upon should prevail, Richardson would be entitled to the money if paid or collected, because he had settled the debt. If the debt was settled by Richardson, he would have been entitled to receive these notes, and the notes of Gale to which they were collateral, and they should have been delivered to him instead of being turned over by him to Clark. If the presumption would hold, and Gale should be sued by Clark, he could successfully plead that the debt had been paid by Richardson ·by being included as an item in his account and charged to him. This would be to override by means of a presumption the agreement of the parties, in which Gale's notes were enumerated among the bills receivable, and under which they and the collateral notes were turned over to Clark. We think that there was no presumption arising from the fact of the sale that Richardson settled and paid the debt which the notes were given to secure.

None of the reasons suggested would, in our judgment, authorize us to approve the direction to find for the defendant. The judgment will be reversed and the cause remanded.                    *Reversed and remanded.*