### Robert C. Hattenhauer v. Gustave H. Adamick.

1. PARTNERSHIP—*Each Partner is Presumed to Know the State of the Accounts of all the Partners.*—A partner having access to the books of his firm is presumed to know the state of the account of each partner.

2. SAME—*A Debt of a Partner to the Firm is Extinguished by a Sale to the Other Partners.*—Where the books of a firm show that one of the partners is indebted to the firm, the purchase of his interest in the partnership by the other partners extinguishes the debt.

Bill, for an accounting. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

Fred T. Beers, attorney for appellant.

Widmer & Widmer, attorneys for appellee.

In the absence of fraud or mutual mistake, the effect of a sale of his interest by one partner to the others is to extinguish the retiring partner's indebtedness, if any, to the firm. It implies that he is to retain whatever he has already received from the firm, in addition to the consideration paid for his share in the assets. It is in effect an agreement that the sum paid is a balance due him after deducting what he has already received. Farnsworth v. Whitney, 74 Me. 370; Norman v. Huddleston, 64 Ill. 11; 17 Am. & Eng. Ency., p. 1, 109.

That partners may alter or modify their original partnership agreement, though it is in writing, by a subsequent oral arrangement, needs no citation of authorities here, and a change in the original contract may even be inferred from a long course of dealing inconsistent with its provisions. McCall v. Moss, 112 Ill. 493.

And such course of dealing may be shown by the partnership books. Gregg v. Hord, 129 Ill. 618.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court dismissing upon final hearing a bill for an accounting, etc., filed by appellant against appellee.

The evidence in the record shows that on the 1st of March, 1887, a partnership was formed between appellant and appellee, and a written contract executed as follows:

" Articles of agreement made and entered into this 1st day of March, A. D. 1887, between Robert C. Hattenhauer and Gustave H. Adamick, as follows :

The above parties have agreed to become copartners in the business of dealers in drugs, medicines, paints, oils, including all articles usually kept in a general drug store.

The business is to be conducted at the city of La Salle, in the building owned by said Hattenhauer, also to have no

business connection with the business of said Hattenhauer, in Peru.

To commence at this date and continue one year. The said Adamick to employ his entire time, skill and business attention in the business. The said Hattenhauer to put in his building for the use of said business free of rent.

Each of said parties to be and become equal half owners of said business, stock, claims and accounts due and owing to said business, and each to be liable for one-half of debts now owing or hereafter to be incurred on account of said business, and all losses from bad debts or otherwise. All help, in addition to said Adamick's services, which may be required, and all debts on account of said business to be first paid.

All net profits as ascertained at the end of said term to be divided equally.

ROBT. C. HATTENHAUER,<br>GUSTAVE H. ADAMICK."

In addition thereto it was orally agreed that Adamick should, from time to time, draw from the income of the firm such sums as his necessities might require, and that he should report the amount so withdrawn to Hattenhauer monthly, so that Hattenhauer could withdraw an equal amount monthly.

They continued in business from March 1, 1887, until March 1, 1893, when they dissolved, appellant buying out the interest of appellee for $2,000.

After the lapse of several months appellant claims that he discovered from the books that appellee had withdrawn from the proceeds of the business, before the dissolution, $1,600 more than appellant had received.

Hence he filed this bill charging fraudulent concealment of that fact and asking an accounting as to the $1,600.

Appellee admitted that he had withdrawn the $1,600, but claimed that he was entitled to it by virtue of an agreement in 1890, that he was to receive $100 per month as salary and appellant $60 per month store rent. Appellant denied that there was any such agreement made.

If appellee's contention is correct then he was entitled to the $1,600. There was a sharp conflict in the testimony of the two, but the books seem to corroborate appellee. There was no "doctoring" of the books and nothing said or done by appellee calculated to mislead appellant as to what they showed. They were open to the inspection of appellant. A partner having access to the books of his firm is presumed to know what the state of account of each partner is. 2 Bates on Partnership, Sec. 978.

It is not shown that appellant was charged with anything he did not receive, nor that appellee failed to charge himself with anything he had received. There is no dispute over any entry in the books from the beginning of the business up to the time of the alleged arrangement whereby appellant was to receive $60 per month rent for his building and appellee was to receive $100 salary. From that time on appellant was credited in his personal account monthly with $60 for rent and appellee was credited each month with $100 as salary. Appellant knew of those entries or should have known them.

The charges of fraudulent concealment made in the bill were not sustained by the proofs, and the bill was properly dismissed for that reason.

If, as a matter of fact, no such arrangement as that contended for by appellee as to rent and salary had been agreed upon, and the books show that he had overdrawn, then the purchase by appellant of appellee's interest in the partnership for $2,000 extinguished appellee's debt to the firm. Norman v. Huddleston, 64 Ill. 11. Decree affirmed.