## John Milloy v. George W. Hoyt.

### Gen. No. 12,023.

1. * PARTNERSHIP—*what deemed included in dissolution settlement.*
Sale by one partner of his entire interest in the firm is an adjustment
of all accounts between the partners, and the presumption is that all
accounts between the partners were taken into consideration, including
a salary item which was provided by the partnership articles should
" not be considered net profit but come out of the general expense ac-
count."

Action of assumpsit.   Appeal from the Circuit Court of Cook County;
the Hon. CHARLES M. WALKER, Judge, presiding.   Heard in the Branch
Appellate Court at the October term, 1904.   Reversed.   Opinion filed
December 8, 1905.

FRANCIS W. WALKER and KENNER S. BOREMAN, for appel-
lant.

CHARLES E. POPE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action by appellee to recover from appellant
a balance claimed to be due for salary while the parties
were copartners in business as John Milloy & Co.

By agreement between them, appellee had become en-
titled to draw a salary of $100 a month and appellant was
also allowed a salary.   These salaries, according to the
articles of copartnership, were " not to be considered as
net profits but to come out of the general expense account."
In November, 1903, some difference having developed be-
tween them, a dissolution of partnership was agreed upon,
appellant buying out appellee's interest in the business.
The terms of the agreement were expressed in a written
instrument, which contained among others the following
provision:   "And the said Milloy in further consideration
of the said transfer, does hereby assume and agrees to dis-
charge all debts or obligations due and owing by the
said firm of John Milloy & Company, and covenants and
agrees to hold the said Hoyt harmless as against any of

said obligations." At the date of the dissolution appellee had not drawn his salary for the month of October and that part of November preceding the final dissolution. This undrawn salary amounting to $163.27 is now sought to be recovered from appellant on the theory that it was one of the "debts or obligations due and owing by the said firm" at the time of the dissolution, payment of which was assumed by appellant.

The case was submitted to the court by agreement, a jury having been waived. At the conclusion of the evidence appellant requested the court to hold the following proposition of law: "The court holds as a matter of law that, under the law and the evidence, the judgment in this case should be for the defendant." This was refused. Appellant complains of this refusal and of the admission over his objection of oral evidence tending, it is claimed, to vary and alter the terms of the written agreement of dissolution.

Appellee's contention is that by the express contract of the parties the salaries drawn by each partner were "to come out of the general expense account," and that this provision made them a debt or obligation of the firm to each partner. It appears from the contract of dissolution that in consideration of $7,500, appellee transferred to appellant "all and every his interest in and to the assets of said firm of John Milloy & Company of every kind and character whatsoever, whether stock, fixtures, choses in action, bills receivable or open accounts, as well as all interest of the said Hoyt in the good will of the said firm, if any there be, and the whole thereof," and that Milloy released and discharged Hoyt "from all obligations of every character to him as well as to John Milloy & Company."

The material inquiry is, whether so much of the salary allowed him as Hoyt had not drawn when the contract of dissolution was entered into and the transfer of his interest to Milloy completed was a debt or obligation of the firm to Hoyt. We can find no ground for such conclusion. The fact that it had been agreed during the partnership

that each should draw a certain fixed amount as salary to be charged up as part of the expenses of the firm to be deducted from the income before dividing the balance as net profit, in no way changed the character of such payments from what they were in fact, advances to each partner respectively of the amount so paid as salaries. The charging of such advances to expense account did not make them debts of the firm to either partner. If at the time of any settlement between them and a division of the profits either partner had not drawn his salary, he would under the provision in question be entitled to have the undrawn amount charged to the expense account of the firm and deducted from the income with other expenses in order to determine the net profits; and to have such undrawn salary paid to him in addition to his share of such net profits. In other words the provision of the copartnership articles that such salaries should "not be considered net profit but come out of the general expense account" merely provided a method of division of the partnership income. Such salary cannot therefore be regarded as a partnership debt, as appellee's attorney assumes it to be.

It follows that the salary which Hoyt might have drawn but did not draw prior to the dissolution was a part of his interest in the business which by the terms of the dissolution agreement he sold and transferred to appellant without reserve. The sale of his interest in the firm was an adjustment of all accounts between the partners, and the presumption is that all accounts were taken into consideration. Hamilton v. Wells, 182 Ill. 144–151.

The finding and judgment of the Circuit Court are therefore erroneous and the judgment must be reversed and the cause not remanded.

*Reversed.*