## L. EVELYN DILLE *vs.* HELEN H. PARKER.

Suffolk.    November 11, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract*, Consideration.    *Evidence*, Presumptions and burden of proof.

Two women, J. and D., were in partnership in business as milliners. They dissolved the partnership, and at the time of the dissolution both signed the following agreement: "Boston, June 23, '08. We have this day dissolved partnership. J. hereby sells to D. all her right and interest in the partnership property including stock in trade outstanding accounts and all other property of the partnership of D. and J. J. agrees to pay D. the sum of $300." D. demanded the sum of $300 from J., who refused to pay it, and D. brought an action of contract against her. D. testified to the facts above stated. J. introduced no evidence except an agreement of partnership, which was dated February 1, 1908, by which it appeared that the plaintiff and the defendant agreed to become partners in the millinery business, each contributing half the amount needed to pay the monthly rent of the premises occupied by them, that J., the defendant, was to draw the sum of $10 a week, and that the profits, after making these payments, were to be divided equally. A judge, who heard the case without a jury, found for the plaintiff, and the defendant excepted, contending that there was no evidence warranting a finding by the judge that there was any consideration for the promise of the defendant. *Held*, that it was a fair inference from the facts in the case, that the receiving by the plaintiff of the defendant's half of all the partnership property and assets and the payment by the defendant to the plaintiff of $300 were understood by the parties to be an adjustment between them of all matters growing out of their partnership transactions, such that the plaintiff would be precluded thereby from afterwards demanding a settlement of partnership accounts that would entitle her to a larger sum from the defendant than $300, and that the judge might find that the plaintiff by implication promised to be bound by this adjustment of all the matters referred to in the writing, which was a sufficient consideration for the defendant's promise.

CONTRACT, upon an agreement in writing quoted in the opinion, by which the defendant promised to pay to the plaintiff the sum of $300. Writ in the Municipal Court of the City of Boston dated November 30, 1908.

On appeal to the Superior Court the case was tried before *Hardy*, J., without a jury. The evidence presented at the trial is described in the opinion. The defendant after signing the agreement quoted in the opinion and before the date of the writ was married to one Parker. At the close of the evidence the defendant asked the judge to rule that upon the pleadings and the evidence the plaintiff was not entitled to recover. The

judge refused to make this ruling, and found for the plaintiff in the sum of $311.60.   The defendant alleged exceptions.

*L. Marks,* ( *C. W. Rowley* with him,) for the defendant.

*F. C. Allen,* (*R. E. Smith* with him,) for the plaintiff.

KNOWLTON, C. J.   The plaintiff and the defendant, whose former name was H. H. Jenkins, signed a paper as follows : ˙

"Boston, June 23, '08.

"We have this day dissolved partnership.   H. H. Jenkins hereby sells to L. E. Dille all her right and interest in the partnership property including stock in trade outstanding accounts and all other property of the partnership of Dille and Jenkins. H. H. Jenkins agrees to pay L. E. Dille the sum of three hundred dollars.

"(Signed) H. H. Jenkins.        (Signed) L. E. Dille."

The plaintiff testified that she and the defendant were in partnership in business as milliners, that they dissolved partnership, and at the time of the dissolution signed this paper ; that she had asked the defendant for payment of the $300, but had not received it.   The defendant introduced no evidence except the agreement of partnership, which was dated February 1, 1908, by which it appeared that they agreed to become partners in the millinery business, each contributing half the amount needed to pay the monthly rent of the premises which they occupied, that the defendant was to draw the sum of $10 per week, and that the profits, after making these payments, were to be divided equally.   The only question before us is whether there was evidence from which the judge, who tried the case without a jury, could find a consideration for the defendant's promise.

It was not necessary to show particularly what the consideration was.   It was enough if the evidence showed, either by way of inference or otherwise, that there was a valuable consideration.   The agreement shows that the relations of the parties, as to the property and business in which each was interested, were changed by this agreement signed by both of them.   They agreed to a dissolution of the partnership which had existed up to that time, and, by the terms of the writing, the plaintiff received all the partnership property and assets of every kind, through a purchase of the defendant's half interest therein, and

the defendant sold all her interest in the partnership property. It was also a part of the same agreement that, in connection with the dissolution and the transfer of all the property and assets, the defendant should pay the plaintiff the sum of $300. It is a fair inference from all the facts in the case that this was understood between the parties to be an adjustment between them of all matters growing out of their partnership transactions, such that the plaintiff would be thereby precluded from afterwards demanding a settlement of partnership accounts that should entitle her to a larger sum from the defendant than $300. The evidence indicates, and the judge might find, that the condition of the partnership affairs, with this arrangement as between the partners themselves, made a complete settlement of them. *Lesure* v. *Norris,* 11 Cush. 328. *Milloy* v. *Hoyt,* 123 Ill. App. 568. *Hamilton* v. *Wells,* 182 Ill. 144. The plaintiff impliedly promised to be bound by this adjustment of all the matters referred to in the writing. See *Lewis* v. *Atlas Ins. Co.* 61 Mo. 534; *Minneapolis Mill Co.* v. *Goodnow,* 40 Minn. 497.

*Exceptions overruled.*