## Henry Thoma, Appellant, v. Leonard Reisch, Appellee.

1. PARTNERSHIP, § 80*—*what is interest of partner in property of firm.* The interest of a partner in the property of a copartnership comprising two partners is not the ownership of an undivided half interest in each particular asset, but is one-half of the surplus which remains after payment of the partnership debts and the settlement of accounts between the partners.

2. PARTNERSHIP, § 87*—*what presumption obtains on sale by partner to copartner of interest in firm property.* A partner who sells his interest in the firm property to his copartner cannot be presumed, in the absence of any agreement, to have sold his own indebtedness to the firm, but it will be presumed that such debt was taken into consideration in fixing the selling price. *(Jones v. Bliss,* 45 Ill. 143, overruled by later cases.)

3. PARTNERSHIP, § 87*—*what presumption arises on sale by partner to copartner of interest in firm property.* The general rule is that when one partner sells his interest in the firm property to the other, the presumption arises that, in the valuation upon which the sale was based, the debt of the selling partner is taken into account, and it cannot be assumed that such partner sold or intended to sell his own indebtedness to the firm, if any existed.

4. PARTNERSHIP, § 87*—*what partner not required to account for on sale of interest to copartner.* Where one partner in April submitted, and the other partner accepted, a proposition to sell his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

interest, and an agreement was accordingly made under which the purchaser obtained all assets including book accounts, and assumed all debts, and where no inventory had been taken since the preceding January, the selling partner was not required to account for merchandise and money taken by him from the firm and for assets, which he charged against himself in favor of the firm, during the period between the taking of inventory in January and the execution of the dissolution agreement in April.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 9, 1919.

JOHN G. FRIEDMEYER, for appellant.

CONKLING & IRWIN and WILLIAM L. PATTON, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

A demurrer to the bill filed by appellant was sustained in the court below and the latter abiding by his bill, the same was dismissed for want of equity and a decree entered to that effect, to reverse which this appeal is prosecuted.

It is alleged in the bill, in substance, that appellant and appellee entered into a partnership in May, 1881, to conduct a dry goods, cloak and millinery business in Springfield, Illinois, under the firm name of Reisch & Thoma, and that said business was conducted under that name until the latter part of April, 1910; that appellant mainly devoted his time to the purchasing and selling of merchandise and that appellee mainly devoted his time to the finances of said business and to keeping the books of account; that an inventory and account were taken and finished on or about January 15, 1910, and showed that the interest of appellee in said business at said time was the sum of $48,607.50, and that the interest of appellant was the sum of

$34,556.50, and that no inventory was taken before April 26th and April 29th, 1910, but that the offer and acceptance hereinafter stated were based and made on that inventory and statement; that appellee on or about April 26, 1910, presented a written proposition to terminate said partnership in the words and figures as follows:

"Estimated interests of the Partners in the Firm of Reisch & Thoma at this Date.

| | |
|---|---|
| "Interest of L. Reisch................. | $48,607.50 |
| Deduct 20% ...................... | 9,721.50 |
| | $38,886.00 |
| "Interest of Henry Thoma.............. | $34,556.50 |
| Deduct 20% ...................... | 6,911.30 |
| | $27,645.20 |

"I propose as follows:

"1st.    I will sell you my interest in the business as it is at this date, April 26, 1910, for $38,886.00 in cash, you to have all the stock, accounts, receivables and all other assets of the firm, including leasehold interests, and you to pay all the indebtedness of the firm and to hold me free from any liability therefor.
or

"2nd.    I will buy your interest in the business as it is at this date, April 26, 1910, for $27,645.20 in cash, I to have all other assets of the firm, including leasehold interests, I to pay all the indebtedness of the firm and to hold you free from any liability therefor.

"Dated this 26th day of April, A. D. 1910.
To Henry Thoma, Esq."

That appellant accepted the same in writing in the language of the offer under the first proposition, that he would give $38,886 in cash and take all the stock, accounts, receivables and all other assets of the firm, including leasehold interests, and would pay all the indebtedness of the firm and hold said Reisch free from any liability therefor; that on April 29, 1910,

he paid appellee said sum of $38,886 in cash and took all the stock, accounts, etc., and agreed to pay all the indebtedness of the firm and to hold appellee free from all liability therefor; that, at said time last mentioned, appellant and appellee entered into a formal agreement in regard to the sale and purchase and dissolution of said partnership as follows, to wit:

"This Agreement, made and concluded this 29th day of April, A. D. 1910, by and between Leonard Reisch, of the City of Springfield, Illinois, party of the first part, and Henry Thoma, of the City of Springfield, Illinois.

"Witnesseth: That the said Leonard Reisch in consideration of the sum of thirty-eight thousand, eight hundred and eighty-six ($38,886.00) dollars, to him in hand paid at the time of the delivery of these presents by said Henry Thoma, the receipt whereof is hereby acknowledged, has granted, bargained, sold and delivered and by these presents does grant, bargain, sell and deliver unto the said Henry Thoma, all his interest in the business of the firm of Reisch & Thoma, doing business at 508 and 510 East Adams Street, Springfield, Illinois, including all the stock, fixtures, accounts, receivables and all other assets of said firm of Reisch and Thoma, of every nature and kind whatsoever, including the leasehold interest on said premises, to have and to hold said goods, chattels and interest unto the said Thoma, his heirs, executors, administrators and assigns to and for his own proper use and behoof forever.

"And the said Henry Thoma, party of the second part, as part of the consideration for said sale and conveyance, covenants and agrees to and with said Leonard Reisch, party of the first part, to pay all the indebtedness of the said firm of Reisch and Thoma and to hold said Leonard Reisch free from any liability therefor.

"It is further mutually agreed by and between the parties hereto that the partnership heretofore existing between them under the firm name and style of

Reisch & Thoma, is hereby dissolved and ended and that the said Henry Thoma is to have the firm assets and to pay the firm debts as hereinbefore agreed.

"In witness herefor, the parties hereto have set their hands and seals the day and year first above written.

Leonard Reisch, (Seal)<br>Henry Thoma. (Seal)"

That appellee, between the time of the taking of said invoice on January 15, 1910, and said dates of April 26, and 29, 1919, had received and taken merchandise and money from the firm and assets of said business amounting to $1,428.96, which he charged against himself in favor of said firm, which goods and money so taken were all taken after January 15, 1910, and under the terms of said agreement and sale should be and were payable to appellant under said offer of appellee and acceptance by appellant; that appellant had repeatedly requested and demanded of appellee that he pay said sum of money, but that he refuses so to do, that on a final hearing the amount may be ascertained and declared by this court which appellee received and took from the said partnership between January 15, 1910, and April 29, 1910, and which is charged against him on the books of said firm, and that he be decreed, by the judgments and order of this court, to pay the sum to appellant within a short day.

The contention of appellant is that, under the contract of dissolution by which he bought all the book accounts of the firm, that the account of appellee was included in said book accounts and was a debt due the firm, and the case of *Jones v. Bliss,* 45 Ill. 143, is cited in support thereof. There is no allegation in the bill that there was any fraudulent concealment of the assets of the firm or of the accounts of the partners. There are no allegations in the bill to warrant the assertion that the contract of dissolution was based upon the accounts as they stood January 15, 1910,

simply because the written offer made by appellee set
out the inventory made at that time. Moreover, from
the value of each partner's interest, as shown by the
inventory, 20 per cent was deducted in the offer. Each
partner is presumed to know the condition of the
firm's assets and the interests of his copartners in the
absence of fraud. There is no averment in the bill
that appellant had not taken out of the business be-
tween January 10th and April 26th as much or more
than the books showed that appellee had taken. The
interest of a partner in the property of a copartner-
ship comprising two partners is not the ownership
of an undivided half interest in each particular asset,
but is one-half of the surplus which remains after pay-
ment of the partnership debts and the settlement of
accounts between the partners.

While the case of *Jones v. Bliss, supra,* supports the
theory of the bill, the rule therein stated has never
been followed by any subsequent case in this case,
and it is contrary to the decided weight of authority
in this country. The general rule is that when a
partner sells his interest in the firm property, the pre-
sumption arises that, in the valuation upon which the
sale was based, the debt of the selling partner is
taken into account, and it cannot be assumed that such
partner sold or intended to sell his own indebtedness
to the firm, if any existed. The case of *Jones v. Bliss,
supra,* was decided in 1867, and in 1872 the same jus-
tice who wrote the opinion in that case wrote the
opinion in the case of *Norman v. Hudleston,* 64 Ill. 11,
which was a case brought for an accounting where one
of the partners had sold out his interest. In this case
the court held: "The parties themselves flatly con-
tradict each other, and there would be but little basis
for any decree, except one dismissing the parties out
of court, were it not for the inference that may be
drawn from the admitted agreement by Norman to

pay Hudleston $2,098.25 when he bought the interest of the latter in the business. The inference from that is, that all their former accounts were considered as settled, or at least merged in the new bargain.'' No reference is made to the rule announced in *Jones v. Bliss.* In *Hamilton v. Wells,* 182 Ill. 144, it was said: ''When a partner makes a sale of his interest in the firm property, the presumption is that he sells only his legal interest, and, in the absence of any contract or agreement to that effect, it cannot be assumed that such partner, so selling out, sold or intended to sell his own indebtedness to the firm, if any existed. This results from the presumption that arises that in the valuation upon which the sale is based, the debt of the selling partner is taken into account and the value of his interest is thereby reduced to that extent as soon as the debt is paid.'' In distinguishing the case of *Jones v. Bliss* in this opinion, the court said in regard thereto: ''The presumption was considered to be overcome by the language used in the assignment.'' In no other case in this State is the case of *Jones v. Bliss* referred to. In the case of *Hamilton v. Wells,* 182 Ill. 144, the case of *Norman v. Hudleston* is cited with approval as upholding the doctrine that a partner who sells his interest in the firm property cannot be presumed, in the absence of any agreement, to have sold his own indebtedness to the firm, but it will be presumed that such debt was taken into consideration in fixing the selling price. The same principle was held to apply in the following cases: *Commons v. Snow,* 194 Ill. App. 570; *Milloy v. Hoyt,* 123 Ill. App. 568; *Hattenhauer v. Adamick,* 70 Ill. App. 602; *Schlicher v. Vogel,* 61 N. J. Eq. 158; *Schlicker v. Whyte,* 65 N. J. Eq. 404; *Stoddard v. Wood,* 9 Gray (Mass.) 90; *Van Scoter v. Lefferts,* 11 Barb. (N. Y.) 140; 30 Cyc. 457.

The court did not err in sustaining the demurrer to the bill and the decree is affirmed.

*Affirmed.*