## JESSE EDENS

### v.

## DEBORAH WILLIAMS.

1. APPEARANCE — *cures defective process.*   A defective writ is cured by appearance and pleading.

2. PARTNERS — *in general cannot sue one another.*   Though, generally, one partner cannot sue another partner at law, yet such suit may be maintained to recover for matters not involved in the partnership concerns, and not requiring a scrutiny into partnership accounts and transactions.

3. SAME — *sale by a partner dissolves the partnership.*   A sale by one partner to another partner, dissolves the partnership, and either may be sued at law, on his several promise to pay a debt due his copartners.

ERROR to the Circuit Court of Washington county; the Hon. S. L. BRYAN, Judge, presiding.

This was an action of assumpsit brought by Deborah Williams against Jesse Edens, to the April term, 1864, of the Washington Circuit Court. A motion was made by defendant to quash the summons, which was denied. The declaration contained a count for the sale to defendant of Deborah Williams' interest in a quantity of household and kitchen furniture, etc., used in a house in Ashley in said county, known as the " Ashley Hotel," at the price at which the articles had been inventoried.

Another count was for goods, wares and merchandize, generally, sold and delivered, and for money lent, and on an account stated. The plea was non-assumpsit.

It appeared in evidence, that the plaintiff, Deborah Williams, was a partner with one Richard Boren, in the " Ashley Hotel," the plaintiff owning ninety-five dollars worth of the furniture over and above her equal one-half part thereof. The defendant, Edens, bought Boren's interest in the property, about the first day of September, 1863, and thereupon became a partner of the plaintiff, he agreeing to pay the plaintiff ninety-five dollars, being the amount she owned in excess of her share. About the 23rd of November, 1863, the plaintiff sold her

interest in the property to one Phelps, who acted, in the purchase, as the agent of defendant, Edens. The furniture was invoiced to Phelps, and defendant agreed to pay for it, the amount of the invoice, which was six hundred and seventy dollars and ninety cents, and as a mode of ascertaining the precise extent of defendant's liability under this purchase, the parties deducted this ninety-five dollars from the amount of the invoice and divided the remainder, to one-half of which was added the ninety-five dollars, making the amount of defendant's indebtedness, three hundred and sixty-two dollars and ninety-seven cents.

Defendant did not pay at the time, alleging, as an excuse, that he wanted to get a five hundred dollar bill changed.

When defendant was afterwards applied to for the money, he refused to pay, and said he had paid some claims which plaintiff's agent would not allow.

It was further proved, that plaintiff had loaned defendant seventy dollars to enable him to pay Boren when he bought him out, and that plaintiff had paid a note of thirty-two dollars which Boren owed a grocery, and which defendant had promised to pay for Boren at the time he purchased Boren's interest.

The issue was tried by the court, and a verdict found for the plaintiff for four hundred and eighty-two dollars and ninety cents.

A motion for a new trial was denied, and judgment entered on the verdict.

The case is brought here by writ of error.

Mr. J. M. Dunham, for the Plaintiff in Error, contended, that these were partnership transactions, and being such, one partner could not sue his copartner at law.

Mr. P. E. Hosmer, for the Defendant in Error, *contra.*

Mr. Justice Breese delivered the opinion of the Court:

As to the first objection made by the plaintiff in error, that the court refused to quash the writ, it is sufficient to say, that

the motion in that behalf, alleged no reason on which it was founded, nor was the decision of the court thereon excepted to, nor is any fact, in regard thereto, preserved in the record. The writ on its face, is, in all respects, formal and regular.

If, however, there was any valid objection to the writ, it was waived by pleading to the merits.

It is doubtless true, as a general principle, that one partner cannot sue another partner, at law, for any matter growing out of the partnership concern, or involving a consideration of partnership transactions, but for other and independent matters, there is no restriction upon partners. Chitty on Contracts, 236 to 239, note 1.

This case involves no such considerations. The defendant in error was a partner with one Boren in a hotel, and owned, over and above her half of the furniture thereof, ninety-five dollars worth. The plaintiff bought Boren's interest in the hotel, and agreed to pay the defendant this ninety-five dollars, and thereupon became a partner with the defendant. Soon after, the plaintiff purchased out the interest of the defendant in the property, agreeing to pay her one-half of the invoice price of it. The invoice was made out at six hundred and seventy and ninety one-hundredths dollars, one-half of which would be three hundred and thirty-five and forty-five one-hundredths dollars. This the plaintiff excused himself from paying, alleging that he had to get a bill of five hundred dollars changed. It also appears that defendant loaned the plaintiff the sum of seventy dollars, and paid a note of thirty dollars for him, which he agreed to repay.

These several items are properly recoverable under the counts for goods sold, and for money lent, respectively. No consideration of partnership matters is involved in them in any sense or degree, but they are independent transactions. The sale by defendant to the plaintiff dissolved the partnership, and he became liable on his several promises. The plaintiff agreed to pay for the property according to the invoice, and was put in exclusive possession thereof. The contract was not, as the plaintiff seems to understand, that he would account

for this property on settlement of the partnership, but that he would pay on the invoice for the property which he received. He has not so paid, and judgment was properly rendered against him for the amount found by the court.

If there are unsettled partnership debts, the defendant is by no means exempt from liability for her proportion of them, and can be compelled to discharge that liability.    Taking the contract of these parties as proved, there cannot remain a doubt of the plaintiff's liability to perform his contract, as he has made it.

The judgment is affirmed.                    *Judgment affirmed.*