# CASES

IN THE

# SUPREME COURT OF NEBRASKA.

## Sweet v. McConnel.

PARTNERSHIP: *Indebtedness of one partner to firm.* The defendant sold to the plaintiffs his interest in a partnership existing between the parties, being at the time charged upon the books of the firm with moneys previously drawn by him therefrom: *held,* that he was not afterwards liable to his late partners for those moneys.

This was an action to recover $4,221.06. The petition alleges that the plaintiffs are partners in the banking business, and have been since the thirteenth day of July, 1868; and that they do business under the firm name of James Sweet & Brock. The balance of the petition is in the usual form for money paid, laid out, and expended for the defendant at his request.

The defendant in his answer admits that the plaintiffs are partners in the banking business, and have been since the twenty-third day of May, 1870, and that they do business under the firm name of James Sweet & Brock. Then the defendant alleges that he did, in company with the plaintiffs, as co-partners, carry on the business of banking at the city of Lincoln,

1                                                        1

SWEET v. McCONNEL.

in the firm name of James Sweet & Brock, from the ninth day of June, 1868, until the twenty-third day of May, 1870; that on the twenty-third day of May, 1870, he sold all of his interest in the firm of James Sweet & Brock, and all of his interest in the demands due the firm, to the plaintiffs, for the sum of $10,-600.00.

The defendant's answer also alleges, that while he was a partner in the firm of James Sweet & Brock, and before he sold his interest in the co-partnership, he drew out of said firm, between the thirteenth day of June, 1868, and the twenty-third day of May, 1870, divers sums of money, amounting in all to the sum of $4,221.06; and that the moneys so drawn out by him are the same moneys claimed by the plaintiffs in their petition.

The answer then denies each and every allegation in the petition not before admitted or denied.

The cause was submitted to the District Court upon the pleadings, and a judgment rendered for the defendant: whereupon the plaintiff filed this petition in error.

*J. M. Woolworth* argued the cause for the plaintiff in error upon a brief filed by *G. B. Schofield*, and endeavored to distinguish this case from *Lesure* v. *Norris*, 11 *Cushing*, 328; and cited *Tomlinson* v. *Hammond*, 8 *Iowa*, 40; *James* v. *Woodruff*, 10 *Paige*, 541; *Sykes* v. *Work*, 6 *Gray*, 433; *Foster* v. *Allison*, 2 *Fost.*, 479; *Worral* v. *Grayson*, 1 *M. & W.*, 166; *Howard* v. *France*, 43 *N.Y.*, 596; *Roberts* v. *Ripley*, 14 *Conn.*, 543; *Brislow* v. *Taylor*, 2 *Starkey*, 50.

*S. Robinson*, upon a brief filed by himself and *E. E. Brown*, insisted for the defendant in error, —

SWEET *v.* McCONNEL.

The interest of a partner in the rights, credits, and effects of a partnership is that share or proportion of them to which he would be entitled upon a final adjustment and liquidation of its concerns. Whatever stands properly charged to him on the company's books, whether it be regarded as a debt due, or, perhaps more correctly, as evidence that he has withdrawn already a certain amount of the capital invested or the profits earned, is first to be deducted, and will to that extent diminish the share he is to receive. His interest in the partnership is only the balance remaining after such deduction has been made. *Lesure* v. *Norris*, 11 *Cushing*, 328; *Murdock* v. *Melhop*, 26 *Iowa*, 213; *Stoddard* v. *Wood*, 9 *Gray*, 90.

If these decisions are to be regarded as a correct exposition of the law, clearly the facts set up in the answer constitute a defence.

There is another reason why these plaintiffs cannot recover in this action. The fact that all of these parties, plaintiffs and defendant, were partners at the time the pretended cause of action occurred, is admitted; and that the pretended cause of action grew out of the partnership concerns is also admitted.

Partners cannot sue each other at law for any thing relating to their partnership concerns, unless there has been a settlement, a balance struck, and an express promise to pay. *Murray* v. *Bogert*, 14 *John.*, 318; *Halsted* v. *Schmelzel*, 17 *John.*, 80; *Westerlo* v. *Evertson*, 1 *Wend.*, 532.

It will not be claimed in this case that there has been a settlement, balance struck, and an express promise to pay: therefore the plaintiffs cannot recover in an action at law.

The judgment of the Court below was unquestionably correct, and should be affirmed.

SWEET *v.* McConnel.

MASON, Ch. J.

The law is clearly and correctly stated by Merrick J. in *Lesure* v. *Norris*, 11 *Cushing*, 328 ; which was a case in its material circumstances on all-fours with the one at the bar. " The sale," says the learned judge, " was a dissolution of the partnership. *Taft* v. *Buffum*, 14 *Pick.*, 322. It was also in effect an adjustment by the partners as between themselves of all its concerns, and a division and appropriation of every thing belonging to it. Nothing further remained to be done to effect a complete settlement between themselves. By the bill of sale, the plaintiff transferred all his interest in the company property, including debts which were due, to the defendant ; and the latter thereby became sole owner of the whole. The interest which any partner has in the effects, rights, and credits of a solvent partnership is the share or proportion of them which he will be entitled to receive upon a final adjustment and liquidation of its concerns. Whatever stands properly charged to him on the company books, whether it be regarded as a debt due, or, perhaps more correctly, as evidence that he has withdrawn already a certain amount of the capital invested or of the profits earned, is first to be deducted, and will to that extent diminish the share he is to receive. His interest in the concern is only the balance remaining after such deduction has been made."

When McConnel sold out to the plaintiffs, he conveyed to them all of his interests in the firm's assets, which were the assets less the sum he had received. This was not a debt, nor did he convey it. *Stoddard* v. *Wood*, 9 *Gray*, 90, and *Murdock* v. *Melhop*, 26 *Iowa*, are to the same effect.

The judgment below must be

Affirmed.