PEREZ v. THOMPSON et al.

No. 11491.

Court of Civil Appeals of Texas.

San Antonio.

May 31, 1945.

Kent, Brown & George, of Harlingen, for appellant.

Davenport & Ransome, of Brownsville, for appellee.

NORWELL, Justice.

The court below peremptorily instructed a jury to return a verdict for the defendants, Guy A. Thompson, Trustee for the St. Louis, Brownsville and Mexico Railway Company, debtor, the St. Louis, Brownsville and Mexico Railway Company, and Missouri Pacific Freight Transport Company. Pablo Perez, the plaintiff below, has appealed.

Perez was injured in the process of loading a heavy box of freight from the platform of a freight station in Harlingen Texas onto a truck. This loading operation, as well as the truck, was under the control and supervision of one Lawrence A. Drake.

■ It does not appear that either the railway company or its trustee had anything to do with the particular piece or box of freight which was being loaded at the time Perez was injured. This box of freight had been delivered to the freight station by the Missouri Pacific Freight Transport Company, which was a trucking concern. The evidence fails to disclose a connection between the trucking company and the railway company (or its trustee)

which would render said railway company (or its trustee) liable for damages for personal injuries sustained as a result of negligent acts or omissions on the part of the employees of the transport company. As to the railway company and its trustee the giving of the instructed verdict was clearly correct.

■ Assuming for the present purpose that Perez was injured as a result of negligence, the asserted liability of the Missouri Pacific Freight Transport Company turns upon the legal position that Drake occupied with reference to said company. Appellee asserts that Drake, who was Perez's superior, was an employee of the transport company, holding a position similar to that of foreman. The company, on the other hand, asserts that Drake was an independent contractor.

The appellee company had a written contract with Drake whereby he undertook to deliver freight from the freight station to various consignees in and about Harlingen, Texas. Drake also agreed to pick up freight and deliver the same to the station for shipment. The contract expressly recited that it was the intention of the parties that the contractor (Drake) "shall be and remain an independent contractor and that nothing herein contained be construed as inconsistent with that status."

Perez insists that as he was not a party to this contract the ostensible relationship created thereby as between the transport company and Drake is not binding upon him. Gulf Refining Co. v. Rogers, Tex. Civ.App., 57 S.W.2d 183.

We have read the entire statement of facts and find that the following statement contained in appellee's brief fairly and concisely summarizes the evidence bearing upon the point:

The record conclusively shows that Drake's actions are subject to no control of any kind or character by the Transport Company, except the designation of the freight to be delivered by him. Drake had an unqualified right to employ as few or as many men as he saw fit to perform his services; to pay whatever wages he thought necessary; to use whatever means seemed to him suitable or convenient, to-wit, trucks, trailers, wagons, or any other form of conveyance; to work whatever hours per day suited his convenience; to commence whenever he saw fit, and to quit whenever it suited him; to follow any

route, or method which he thought advisable.

Under the authorities, the trial court properly instructed a verdict. Texas Co. v. Wheat, 140 Tex. 468, 168 S.W.2d 632; Burton-Lingo Co. v. Armstrong, Tex.Civ. App., 116 S.W.2d 791, wr. ref., and authorities therein cited.

Judgment affirmed.