**W. S. JARROTT, Appellant,**

v.

**J. T. STRYKER, Appellee.**

No. 6116.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 19, 1957.

Rehearing Denied Dec. 18, 1957.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellant.

James T. Wright, Beaumont, for appellee.

HIGHTOWER, Justice.

W. S. Jarrott and J. T. Stryker had been partners for several years in a drug store in Woodville, Texas, Jarrott owning 40 per cent and Stryker 60 per cent thereof. On the 2nd day of April, 1952, Jarrott executed a bill of sale of his interest to Stryker for a consideration of $4,800 thereby effecting an amicable dissolution of the partnership.

At this time the records of the business reflected withdrawals of stock items of merchandise by Jarrott over a several year period which were charged to his account at cost price in the sum of $1,200. Stryker's account was likewise charged with several hundred dollars of stock items. Testimony established that there existed seventy-five, or more, open accounts of various customers on the books at this time. No discussion of these matters was had between the partners prior to the execution of the bill of sale.

On March 23, 1956, Stryker brought suit against Jarrott for, among other matters not here in issue, the aforesaid sum of $1,200, contending that the provision in

Jarrott's bill of sale conveying, "All my interest * * * including all the assets of every kind * * * including the accounts receivable * * *," effected a binding obligation and promise of Jarrott's to pay such sum to him as a part of the consideration of the settlement.

The case was tried to the court without a jury and the court, apparently by reason of the aforesaid provision, determined that at the time of the execution of the bill of sale Jarrott owed to the partnership business the sum of $1,155.86 and that such sum constituted a part of the accounts receivable specifically mentioned in the bill of sale, rendered judgment accordingly in Stryker's favor, hence this appeal.

The appellant assigns three points of error: (1) The court erred in failing to hold that any obligation owed by W. S. Jarrott to the partnership was extinguished by the sale of his interest therein to his partner, J. T. Stryker; (2) The alleged open account was merely a withdrawal from the capital assets of the partnership for which all actions were extinguished in the sale of his interest by W. S. Jarrott to J. T. Stryker, and the court erred in failing to so hold; (3) The court erred in failing to hold that any cause of action existing in favor of the partnership against W. S. Jarrott on the alleged open account was barred by the two-year statute of limitations.

 Regarding appellant's first point, there was no testimony or other evidence by either of the parties regarding the provision of the bill of sale under discussion which could be considered as presenting a question of fact. The matter is before this court as a pure question of law, and we are of the opinion that the appellant's contentions are correct. Under such state of the record the presumption obtains that this bill of sale, standing as it does, unaided and alone in the record, evidenced, without contradiction, an adjustment and complete settlement of the partnership between the partners themselves. The interest which

appellant had in the effects of the business was the share or proportion of that which he was entitled to receive upon a final adjustment of the business. Whatever stood properly charged to him on the company books as a debt due the partnership is first to be deducted. It is a legal presumption obtaining under these circumstances, that the appellant's interest in the partnership, as conveyed by his bill of sale, was that remaining after that which was charged to him on the books was deducted. That charge was extinguished by the transaction between the partners, because it must be construed as a complete and final adjustment. Davis v. McCarty, Tex.Civ.App., 145 S.W.2d 287 (w.ref.) and cases there cited; Johnson v. Clements, 23 Tex.Civ. App. 112, 54 S.W. 272; Kneeland v. McLachlen, 4 Tex.Civ.App. 203, 23 S.W. 309; 40 Am.Jur. p. 467, sec. 491, 68 C.J.S. Partnership § 401 b, p. 919.

We pretermit discussion of appellant's last two points by reason of the foregoing conclusions. The judgment of the trial court must be reversed and judgment is here rendered that the appellee take nothing by reason of his suit against the appellant.