**Jesus R. PEREZ, as Next Friend of Pete Perez, a Minor, Appellant,**

v.

**David HERNANDEZ, d/b/a Dave's Used Cars, Appellee.**

No. 13380.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 29, 1958.

Rehearing Denied Nov. 26, 1958.

Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellant.

Shelton & Haight, San Antonio, for appellee.

BARROW, Justice.

This suit was filed by Jesus R. Perez, as next friend of Pete Perez, a minor, against David Hernandez, d/b/a Dave's Used Cars, for damages for personal injuries. The defendant answered and thereafter the deposition of Pete Perez was taken, after which defendant filed his motion for summary judgment, based upon the pleadings, the deposition of Perez, and the affidavits of himself and two of his employees. The plaintiff filed no controverting affidavit. The trial court sustained the motion and rendered judgment for the defendant. This appeal is from that judgment.

It appears from the record that appellee, David Hernandez, operated a used car lot at 1508 Broadway, in the City of San Antonio, Texas. That one L. H. Justice, Sr., was in the business of relining and regrooving automobile tires, and on or about March 29, 1955, said Justice entered into a contract with appellee to regroove used

tires on the premises of appellee, by the use of a machine owned by Justice. Said machine was moved from place to place behind Justice's car, and Pete Perez, a minor, was at all times relevant herein an employee of Justice.

The record shows that in regrooving some of the tires it was necessary to first put them on what is known as a "split rim device" belonging to and furnished by Justice, after which the tire was inflated and then placed on the regrooving machine. While this split rim device is not well described in the record, it appears that when in use it is held in place by clamps. It was Pete Perez' duty, under his employment by Justice, to put the tires on the device and inflate them, and Justice operated the regrooving machine himself. The record shows that on March 30, 1955, during the progress of the work, while Pete Perez was inflating one of the tires, some of the clamps on the split rim device were broken off and the tube inside the tire was blown out, but the tire was not blown out or damaged in any way. That as a result of this blow-out Pete Perez was injured. None of appellee's equipment was used in performing this work, except that his air compressor was used to inflate the tires; and Perez may have used an air gauge which was available for the purpose. The parties stipulated that L. H. Justice, Sr., is deceased.

■ By appellant's first point he contends that there was an issue of fact as to whether the tire blew out or whether the split rim broke. We overrule this point for two reasons: First, while Pete Perez, by his deposition, first testified that the tire blew out, he later admitted that he did not know anything about it. Gavino Dominguez testified that while Pete Perez was trying to inflate the tire it suddenly flew off the rim. Appellee testified that after the accident he examined the tire, tube and rim, and the tire was not blown out or damaged in any way, but the rim had some of the clamps broken off. We think reasonable minds could not differ on the fact that it was the breaking of the rim and not the tire which caused the blow-out. See, Stafford v. Wilkinson, Tex., 304 S.W. 2d 364. Second, even if it was a blow-out of the tire, the record does not contain any facts from which it could be inferred that the blow-out was proximately caused by any act or negligence of appellee.

■ By appellant's second point he contends that there was an issue of fact as to whether a warning and instruction was given to the minor plaintiff, and whether or not he had sufficient intelligence to appreciate the danger. We overrule this point. The work was being done by Justice as an independent contractor, and Pete Perez was his employee. Appellee had no control over the details of the operation and did not attempt to control them. Pete Perez was, at most, an invitee on the premises, and appellee owed no duty to warn him, except as to hidden danger known to appellee and under his control. Perez v. Thompson, Tex.Civ.App., 189 S.W.2d 6; Rodriguez v. Zavala, Tex.Civ. App., 279 S.W.2d 604; Union Tank & Supply Co. v. Kelley, 5 Cir., 167 F.2d 811. This case involves dangers arising from the performance of the work which the contractor was employed to do, and not any condition of the premises where the work was to be done. The appellee was under no duty to warn Pete Perez of any transitory dangers arising during the performance of the work. Moore v. Texas. Co., Tex.Civ.App., 299 S.W.2d 401.

Appellant's third point is overruled for the reasons above stated.

■ By appellant's fourth point he complains that the court erred in holding, as a matter of law, that the work of regrooving old worn tires is not inherently dangerous work. This point is overruled. It is common knowledge that inflating tires is done by almost every garage and filling station in the country, and that it is not inherently or intrinsically dangerous. See,,

Brownsville Navigation District v. Valley Ice & Fuel Co., Tex.Civ.App., 313 S.W.2d 104. Moreover, it is well settled that an employee of an independent contractor is not a "third person" within the rule that an employer of an independent contractor is liable to third persons for negligence in the performance of work that is inherently dangerous. Nance Exploration Co. v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 305 S.W.2d 621. See also, Humble Oil & Refining Co. v. Bell, Tex.Civ.App., 180 S.W.2d 970; Hurst, Employers Cas. Co. v. Gulf Oil Corp., 5 Cir., 251 F.2d 836.

■ By his fifth point appellant complains that the court erred in holding that Pete Perez was the employee of an independent contractor. Under this point appellant argues that the minor was hired without parental consent and, therefore, the contract was voidable. We find no allegation or proof showing that Pete Perez was employed without parental consent. Furthermore, if he was, that would only constitute a contract between him and his employer, Justice, voidable at the minor's option, and would not make appellee, Hernandez, liable for injuries sustained by him in the course of his employment.

■ By his sixth point, appellant argues that the contract between appellee and the contractor, Justice, was illegal and void as against the public policy. There is no allegation or showing of any facts that make such a contract against public policy. As we understand the rule, if the contract was illegal as against public policy, that would only render the contract unenforcible as between the parties, but would not in any event render the employer of the contractor liable to an employee of the contractor for injuries received.

We have searched the record as a whole and have been unable to find any breach of duty or act of negligence on the part of appellee, Hernandez, which would render him liable to appellant.

The judgment is affirmed.