**William A. LOTT, by Next Friends, Appellant,**

v.

**M. T. LOTT et ux., Appellees.**

No. 4062.

Court of Civil Appeals of Texas.

Waco.

Nov. 1, 1962.

Rehearing Denied Nov. 21, 1962.

Robert I. Wilson, Kerrville, Roscoe Runge, Mason, for appellant.

Darrell G. Lochte, L. W. Pollard, Robert R. Barton, Kerrville, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment, that plaintiff take nothing, in a Trespass to Try Title suit.

Elizabeth Lott Merritt, Oscar Lott and John Lott, filed this case, on 12 May 1961, as next friend of William A. Lott, alleging that they were his children, and that he was "aged and approaching senility," and "neither physically or mentally competent to look after his business affairs." Plaintiffs alleged that William A. Lott was the owner in fee simple of a 479 acre tract of land in Kerr County; that defendant M. T. Lott (also a son of William A. Lott) holds record title to the property, but holds under "an express and constructive trust for the use and benefit" of William A. Lott; and that defendant is attempting to repudiate said trust and claim the land as his own. Plaintiff prayed that the title be declared to be in William A. Lott.

Defendants M. T. Lott and wife answered by plea of not guilty.

Defendants thereafter filed motion for summary judgment, alleging no genuine

issue as to any material fact. Attached (among other things) to such motion was: in instrument described "Tenants' Disclaimer," dated 5 January 1937, by which plaintiff William A. Lott, his wife Emma Lott, and G. H. Lott, *"disclaimed and released to M. T. Lott, any right, title, interest or right of possession as tenants or otherwise, we have or may have or be entitled to"*, in the property in controversy.

2) Contract of Sale, dated 9 May 1936, by which Richard Holdsworth, contracted to sell the property in controversy to M. T. Lott; and general warranty deed, dated 10 August 1936, by which Richard Holdsworth conveyed the property in controversy to M. T. Lott for $8,350. ($4,175. cash, and a vendor's lien note signed by M. T. Lott for $4,175.)

3) A letter from plaintiff dated 23 June 1961, which stated: "You and Gilbert used your money to buy the place, and Gilbert has been paid back. Nobody can throw you off the land because it belongs to you * * *."

4) Affidavit of Gilbert Lott (son of plaintiff and brother of defendant), that defendant had bought the land, paid for it ½ in cash, and ½ borrowed from the Federal Land Bank; and that plaintiff (the father) "did not let defendant have any money from any source to buy this property."

5) Affidavit from a Field Worker of the State Department of Public Welfare, that he was custodian of the Old Age Pension records, and that in 1945, plaintiff applied for an old age pension, and signed a statement (copy of which he attached) that he had no interest in any real or personal property, and only $1.00 in money.

Plaintiffs moved to strike the foregoing affidavit and attachment on the ground that it was a divulgence in violation of Article 695c, Sec. 33, R.C.S. The Trial Court overruled such motion.

Plaintiffs further moved for a continuance of the hearing of the Motion for Summary Judgment, so that they could get an affidavit from John Lott, one of the plaintiffs, who was a resident of California. The Trial Court overruled this motion.

Plaintiffs filed answer to defendants' Motion for Summary Judgment, attaching among other things:

1) A letter dated 6 June 1961 from plaintiff to defendant, in part as follows: "This is to advise you that I demand possession of my lands which you now occupy * * *. This is to further advise you that the suit now pending against you will go forward * * * in order that I may get title to my lands."

2) Affidavit of Robert I. Wilson, one of plaintiff's attorneys, which stated that he had known plaintiff since 1926, and that he was thoroughly familiar with the purchase of the 479 acres here involved; that he passed on the title to this land for plaintiff; and that it was "purchased solely by William A. Lott's money; that (Mr. Lott) decided that he would put title of the land in the name of M. T. Lott (defendant) for Mr. Lott's use and benefit and to be handled under his guidance and direction."

3) Affidavit of Oscar Lott (one of the plaintiff's sons and a brother of defendant) that the 479 acres "were paid for out of funds belonging to my father."

On the foregoing the Trial Court granted defendants' motion for Summary Judgment that plaintiff take nothing.

Plaintiff appeals, contending:

1) The Trial Court erred in overruling Plaintiff's Motion for Continuance.

2) The Trial Court erred in permitting defendant to introduce the affidavit of the Department of Public Welfare worker, together with records of such Department, because disclosure of same is violative of Article 695c, Sec. 33, R.C.S.

3) The Trial Court erred in granting defendants' Motion for Summary Judgment when the record reflects that defendants

**412**

held the land in trust for plaintiff (or at least there is a conflict as to this question).

We revert to plaintiff's 3rd contention that the Trial Court erred in granting a summary judgment for defendants. It is undisputed that defendants took by deed absolute, the title to the land in controversy, such deed having been executed on 10 August 1936, duly acknowledged and recorded.

The affidavits and the record do make for a disputed factual issue as to whether all of the consideration for the land was paid for by defendant, or whether plaintiff put money into the purchase. Likewise, the 2 letters written to defendant by plaintiff present a conflict as to whether plaintiff claims the land. The foregoing "disputed fact issues", are, however, not determinative of this case. Any trust which could have come into being, came into being at the time of the purchase of the property in August of 1936.

 The record contains an instrument executed and acknowledged by plaintiff on 5 January 1937, which for a recited consideration, disclaims and releases to defendant *"any right, title, interest, or right of possession as tenants or otherwise, we may have or be entitled to."*

Such instrument constitutes a quitclaim of any interest plaintiff may have had in the property on 5 January 1937, to defendant; and such instrument resolves the material factual issue in this cause. The legal effect of the foregoing instrument is such, that believing all of plaintiff's affidavits as to the source of the purchase money the land was bought with, still defendant is entitled to the summary judgment. .

The instrument of 5 January 1937 constitutes a binding admission against plaintiff (see Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569), and is in addition a quitclaim of any interest that plaintiff may have had, to the defendant. Smith v. Cantrel, CCA, Er. Refused, Tex.Civ. App., 50 S.W. 1081; Cox v. Robison, 105 Tex. 426, 150 S.W. 1149.

 Summary judgment was properly granted for the defendant. Under our view of the record, plaintiff's contentions 1 and 2 pass out of the case.

The judgment of the Trial Court is affirmed.