[No. 36313.   Department One.   April 25, 1963.]

JOE ZEDRICK et al., *Appellants*, v. LEO J. KOSENSKI et al., *Respondents.**

* Reported in 380 P. (2d) 870.

*Stanley J. Krause*, for appellants.

*Schumacher & Charette*, for respondents.

WEAVER, J.—Fundamentally, this is an action upon a promissory note executed by defendant and held by plaintiff. There are two other causes of action, in theory, the same as the first. The trial court granted defendant's motion for summary judgment and entered a judgment of dismissal.

At the center of this case is a single question of law.

October 1, 1957, plaintiff and defendant entered into a written partnership agreement. Their contributions to the partnership were to be equal. Plaintiff contributed the assets of his business, known as "Joe Zedrick Tidewater Oil Co., Distributor"; defendant contributed $25,000 cash and executed the promissory note here involved for $30,394.26 payable to the partnership. The note did not bear interest. Subsequently, the partnership established two new businesses—the Olympic Truck Service, and the Blue Flame Gas Company.

The association was not a happy one. March, 1961, defendant commenced an action praying for an accounting and dissolution of the partnership. Zedrick, plaintiff (in the instant case), answered, praying, *inter alia*, that the partnership have judgment against defendant for $25,108.68, the balance unpaid on defendant's promissory note of October 1, 1957.

June 1, 1961, with the lawsuit at issue, the parties entered into a written agreement whereby defendant agreed to sell to plaintiff

". . . all of [his] interest and ownership in and to that partnership doing business as the Joe Zedrick Tidewater Oil Distributors, Olympic Truck Service and Blue Flame Gas Company, including . . . assets as shown on the company records as of the 1st day of June, 1961. . . ."

Plaintiff, as buyer, agreed to indemnify and hold defendant harmless from any and all debts, liabilities, taxes

or other obligations of the partnership. Plaintiff also agreed

". . . to obtain and deliver to the Sellers a release of that real property mortgage heretofore executed by the Sellers by way of security for a partnership loan and *which is a lien upon non-partnership real property owned by the Sellers.*" (Italics ours.)

The $45,000 purchase price was payable $10,000 upon execution of the agreement, $15,000 in 30 days, and $20,000 in 90 days, which made the final payment due September 1, 1961.

Pursuant to the agreement, the pending lawsuit was dismissed by the superior court June 30, 1961. The order recited that the parties had

". . . entered into an agreement through which the defendant [plaintiff in the instant case] is purchasing the plaintiff's interest in the partnership involved in litigation and through which the partnership is being wound up and all of the rights and duties of the plaintiff and defendant are being set forth in said agreement . . ."

and that

". . . the rights and duties of the parties are settled through the above mentioned agreement."

The purchase price having been paid, defendant executed and delivered to plaintiff a warranty deed and a bill of sale of his partnership interest, both dated September 11, 1961.

Four days later—September 15, 1961—plaintiff commenced the instant action, praying for (1) judgment for $25,108.68 and $3,000 attorney's fee, based upon defendant's promissory note dated October 1, 1957; (2) judgment for $1,152.45, based upon an alleged account owed by defendant to Blue Flame Gas Company; and (3) return of a propane gas tank belonging to the partnership, or in the alternative, for a $240.24 money judgment, the alleged value of the tank.

■ The rule dispositive of this appeal is succinctly stated in *Barnes v. Moore*, 80 Cal. App. (2d) 39, 42, 180 P. (2d) 740, 742 (1947).

". . . In the absence of fraud or a special agreement there is no occasion for a further account when one partner

buys out the interest of the other on specific terms. *This is especially true where the buyer knows the facts which might otherwise call for a further accounting.* Such a sale and purchase includes and is, in itself, a form of accounting which is ordinarily sufficient, and which should be conclusive unless good reason is shown to the contrary. . . . ." (Italics ours.)

In *Wilbur v. Wilbur*, 197 Cal. 1, 14, 239 Pac. 332, 337 (1925), the court said:

" . . . It is the law of partnerships that when one partner purchases the interest of the other the transaction presumptively includes a final settlement of all partnership indebtedness existing between the partners. (Bates on Partnership, secs. 629, 630, pp. 664, 665; *Hattenhauer v. Adamick*, 70 Ill. App. 602; *Edens v. Williams*, 36 Ill. 252.)"

The New Jersey Court of Chancery expressed the rule thus:

"The purchase by one partner of all the interest of another partner, in the absence of fraud, must of necessity be an adjustment as between seller and purchaser of the accounts of the former with the firm." (*Schlicher v. Vogel*, 61 N.J. Eq. 158, 162, 47 Atl. 448, 450 (1900), affirmed, *Schlicker v. Whyte*, 65 N.J. Eq. 404, 54 Atl. 1125 (1903)).

Numerous jurisdictions have espoused the same rule[1] as have the text writers.[2]

Recognizing the rule we have discussed, the trial judge in the instant case said:

"When you settle it, you settle it, and you take into account when you pay off the departing partner, the amount by which he may have been indebted to the partnership."

Plaintiff does not claim fraud, deceit, or coercion. Plaintiff knew of the promissory note; he had pleaded it as a defense in the former action. It cannot be assumed that

---

[1]*Pejsa v. Bridges*, 69 Ariz. 315, 213 P. (2d) 473 (1950); *Thoma v. Reisch*, 214 Ill. App. 328 (1919); *Hamilton v. Wells*, 182 Ill. 144, 55 N.E. 143, 145 (1899); *Houk v. Walker*, 131 Ind. 231, 30 N.E. 1080 (1892); *Mueller v. Sutter*, 96 Iowa 80, 64 N.W. 665 (1895); *Sweet v. McConnel*, 2 Neb. 1 (1873).

[2]1 Partners and Partnerships, 341, Barrett & Seago (1956); 1 Rowley on Partnership (2d ed.) 783 (1960); 40 Am. Jur., Partnership § 491; 68 C.J.S., Partnership § 401(b).

defendant sold or intended to sell his own indebtedness to the plaintiff. In answering plaintiff's argument to the contrary, the trial judge said:

"Now that just isn't the way business is normally done."

We agree.

Plaintiff contends that the summary judgment should not have been entered pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, because two material issues of fact were present: (1) Were the promissory note and account receivable shown as "assets" on the partnership books on June 1, 1961? and (2) Was it plaintiff's "intention" to acquire an enforcible promissory note and debts against defendant?

We do not agree. Assuming, arguendo, that these facts are in dispute, they are not *material* facts under the rule, for "material facts" are those " . . . upon which the outcome of the litigation depends." *Capitol Hill Methodist Church v. Seattle*, 52 Wn. (2d) 359, 364, 324 P. (2d) 1113 (1958). It cannot be denied that the promissory note, the account receivable, and possession of the propane tank are matters meshed in the partnership transaction; plaintiff had knowledge of them when he purchased defendant's interest in the partnership; whether they "appeared on the books" is immaterial.

In the circumstances of this case, plaintiff's intention is not a material fact, for, as the California court said in *Barnes v. Moore, supra*,

" . . . Certainly evidence of a secret intention by one party to exclude some matter from the general adjustment being made, to keep that debt alive, and to later sue the other party, who understood that a full settlement was being made, would not be sufficient." (p. 45).

The rule of law heretofore discussed governs the transaction. It was not error to grant defendant's motion for summary judgment.

The judgment is affirmed.

HILL, FINLEY, and ROSELLINI, JJ., concur.