Audrey Gillen KELLY et vir, Appellants,

v.

Nancy Kathryne KELLY et al., Appellees.

No. 14987.

Court of Civil Appeals of Texas.

Houston.

Feb. 16, 1967.

Rehearing Denied March 9, 1967.

Herman W. Mead, Houston, for appellants.

Thomas J. Lykos, Michael A. Henry, Houston, for appellees.

WERLEIN, Justice.

This is an appeal from a summary judgment in favor of appellees, Nancy Kathryne Kelly and her husband, Alvin Dale Kelly, in a suit brought against them by Audrey Gillen Kelly, joined by her husband, Maurice C. Kelly, for a partnership accounting, and against Chimney Rock National Bank as stakeholder of certain funds held by it as depository of a checking account styled "Kelly & Kelly Salon of Beauty." The bank filed an answer and interpleader and paid into the registry of the court the money it held on deposit.

Appellants assert that the court erred in holding as a matter of law that their petition did not state a cause of action and also in granting appellees' motion for summary judgment when there were disputed fact issues. Upon the hearing and in rendering judgment the trial court considered appellees' sworn motion for summary judgment, the pleadings of the parties, and the affidavits accompanying the motion for summary judgment and opposing affidavits.

The facts of the case may be briefly stated as follows: On July 1, 1956 appellant, Audrey Gillen Kelly, joined by her husband, entered into a written partnership agreement with appellee, Nancy Kathryne Kelly joined by her husband, to conduct a beauty parlor business known as "Kelly and Kelly Salon of Beauty." Pursuant to such agreement the parties operated such partnership until on or about August 15, 1965, at which time appellant joined by her husband sold all of her interest in the partnership to a third party, one Beverly McMillon, who is not a party to this suit, for a total consideration of $5,000.00. Appellee consented to the sale. Without such consent appellant under the terms of the agreement could not have sold her interest. The bill of sale to Beverly McMillon is dated August 20, 1965 and describes the property sold and delivered as follows: " * * * all of my interest in the Beauty Salon business located at 2616 Briarhurst Street, Houston, Harris County, Texas including good will and the name Kelly and Kelly, and specifically including the personal property located on such premises in which I own an interest."

In her affidavit appellee, Nancy Kathryne Kelly, stated that she would not have given her consent to the sale by appellant, Audrey Gillen Kelly, had it not been her understanding from reading the bill of sale and from her conversation with Beverly McMillon and appellant, that appellant joined by her husband had sold all of her interest in the partnership. Appellee further stated in her affidavit that after the date of sale she continued in the operation of the business of Kelly and Kelly Salon of Beauty, under the same name and at the same place without cessation or liquidation of the business, and that there had not been any winding up of the business. Paragraph X. of the partnership agreement reads: "At the final dissolution of this partnership, an accounting shall be made by a Certified Accountant, preferably that person serving as auditor for said partnership, and said accounting shall be binding upon and final as to the parties hereto."

It is appellant's contention that the sale by her constituted a final dissolution of the partnership and that she was therefore entitled to an accounting; that the accounting as of August 15, 1965, which was the date of her sale to Beverly McMillon, indicated her net worth or interest in the partnership was $2,440.07, which appellee refused to turn over to her. Appellee, Nancy Kathryne Kelly, on the other hand, asserts that as a matter of law appellant

was not entitled to an accounting, and that whether there was any dissolution of the partnership is also a question of law, but if there was a dissolution at all, it occurred as a result of the sale made by said appellant, and as a result thereof any rights that she may have had passed and became vested in Beverly McMillon with the sale to Beverly McMillon of all of appellant's interest in the partnership. If appellant after selling and transferring to Beverly McMillon all of her interest in the partnership could later demand an accounting and recover a $2,440.07 interest in the partnership which the audit showed to be the full value of her entire interest in the partnership at the time, she would be recovering for something she had already sold and did not own.

■ The authorities relied upon by appellant are to the effect that a sale by one partner of his interest in the partnership property and his withdrawal from participation in the business dissolves the partnership. There can be no question that such authorities enunciate the general rule. Appellant further contends that the written partnership agreement provides for an accounting upon dissolution of the partnership. In support of this latter contention appellant cites Miller v. Howell, 234 S.W. 2d 925, Tex.Civ.App.1950, n. w. h. This case in effect merely states the well recognized rule that when a partner dies, it is the duty of the surviving partners to wind up the partnership affairs and that when the partnership is closed a cause of action for an accounting and settlement arises which necessarily involves an inquiry as to partnership debts and their payment out of partnership property. The case has no application whatever to the instant case in which appellant, Audrey Gillen Kelly, joined by her husband, sold and delivered to Beverly McMillon all her interest in the partnership.

More in point are the following cases: Jarrott v. Stryker, 308 S.W.2d 145, Tex. Civ.App.1957, n. w. h.; Sherk v. First Nat. Bank, 206 S.W. 507, Tex.Com.App.1918; Zedrick v. Kosenski, 62 Wash.2d 50, 380 P.2d 870; Brown v. Burnam, 99 Ala. 114, 12 So. 606. See also 40 Am.Jur., p. 357, Partnership, Sec. 324, and authorities cited.

■ The disagreement between the parties as to the correctness of the audit did not give rise to a genuine issue of material fact since as a matter of law appellant had no further interest whatever in the partnership after selling and delivering all her interest to Beverly McMillon, and hence she was not entitled to an accounting or any interest in the partnership assets. Since there was no material issue of fact in the case, the trial court properly rendered a summary judgment in favor of appellees. Lott v. Lott, Tex.Civ.App., 362 S.W.2d 410, aff'd 370 S.W.2d 463, Tex. Sup.1963. See also Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718, Tex.Civ. App., n. w. h.; Perez v. Hernandez, Tex. Civ.App., 317 S.W.2d 81, writ ref., n. r. e.; Hartely v. Langdon & Company, 347 S.W. 2d 749, Tex.Civ.App., n. w. h.

Article 6132b, Sec. 27, of the Texas Uniform Partnership Act, enacted after the date of the partnership agreement in question, but several years prior to appellant's sale of her interest in the partnership, modifies the effect of an assignment or conveyance of a partner's interest in the partnership, but clearly states that in case of a dissolution of the partnership the assignee is entitled to receive his assignor's interest. Upon dissolution of the partnership in question, all the interest that appellant had in the partnership at the time of the sale of such interest would under such provision belong to Beverly McMillon.

Judgment affirmed.